See also, Bkrtcy., 70 B.R. 295.

**In the Matter of John Edward CRAVEN, Paula Jean Craven and Helen Craven, Debtors.**

**John Edward CRAVEN, Paula Jean Craven and Helen Craven, Movants,**

**v.**

**HERITAGE BANK OF ST. JOSEPH, Respondents.**

**Bankruptcy Nos. 87–00128–S–12–DJS, 87–00129–S–12–DJS.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

Feb. 7, 1989.

---

Joel Pelofsky, Janice E. Stanton, Shughart, Thomson & Kilroy, P.C., Kansas City, Mo., for debtors/movants.

Robert B. Miner, Watkins, Boulware, Lucas, Miner, Murphy & Taylor, St. Joseph, Mo., for respondents.

ORDER APPROVING MODIFICATION TO DEBTORS' CONFIRMED PLAN OF ADJUSTMENT ON CONDITION OF PROMPT AND UNFAILING PAYMENT ACCORDING TO TERMS OF MODIFIED PLAN

DENNIS J. STEWART, Chief Judge.

The debtors seek the court's approval of a modification of their previously-confirmed plan of adjustment, the effect of which would be to extend the term of the loan owing to the objecting creditor Heritage Bank from a 20–year loan, under the confirmed plan, to approximately a 21–year loan under the modified plan. The affected creditor, Heritage Bank of St. Joseph, objects, complaining that the plan as modified is infeasible. A hearing was held on the objection on January 20, 1989, in St. Joseph, Missouri. The evidence which was then adduced demonstrated without contradiction that the debtors had not been able to make their last annual payments under the previously-confirmed plan of adjustment because a drouth of unusually severe proportions had concentrated on the area in which they farmed; that it was solely due to this drouth that they were unable to make their payments; and that these facts were demonstrated by uncontradicted evidence offered both by a qualified expert and by other testimony. Under such circumstances, this court believes it to be consonant with the liberal spirit of farmer relief offered by chapter 12 to permit the amendment. The extension of the objecting creditor's obligation is slight, only one year beyond what was initially agreed upon by that creditor at the inception of these proceedings. According to the version of the modification which has been presented to the court by the debtors, the modification does not constitute a moratorium, i.e., interest would continue to run on the indebtedness owed to the Heritage Bank.

Under such circumstances, it cannot be said that any of the rights of Heritage Bank are violated. Cf. *Matter of Alexander*, 48 B.R. 110 (Bkrtcy.W.D.Mo.1985), holding that even a moratorium, under appropriate circumstances, is not violative of the secured creditor's constitutional rights. In arguing that the plan is infeasible, Heritage Bank asks the court to consider, not only the postconfirmation failure of the debtors to make payments under their confirmed plan, but also the prepetition failure of debtors to make sufficient income to reach the level of plan payments. But the preconfirmation evidence which bears on feasibility may not now be considered by the court, for it is barred by the *res judicata* effect of the order of confirmation. Therefore, on the issue of feasibility the court is restricted to the failure to pay according to the terms of the plan and it is fully explained by the evidence of the unusual drouth conditions. Because of these conditions, as observed above, a year's extension of the plan will in no wise prejudice the creditors. Accordingly, it is hereby

ORDERED that the modification of the debtors' confirmed plan be, and it is hereby, approved on condition that future payments are timely and unfailingly made.